BALLARD SPAHR LLP
Martin C. Bryce, Jr.
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel.: 215.864.8238

GOODWIN PROCTER LLP
John C. Englander (*pro hac vice*)
Matthew G. Lindenbaum (*pro hac vice*)
Mark T. Knights (*pro hac vice*)
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD M. WULF, JR., as an individual and as a representative of the classes,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.; and BAC HOME LOANS SERVICING, L.P.,<br><br>    Defendants. | Civil Action No. 2:10-cv-05176-MAM |

**DEFENDANTS BANK OF AMERICA, N.A. AND BAC HOME LOANS SERVICING, L.P.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Defendants Bank of America, N.A. ("BANA") and BAC Home Loans Servicing, LP ("BHLS") (collectively, "Defendants") hereby oppose Plaintiff Richard Wulf's Motion to Amend the Complaint. As explained in Defendants' briefing in support of their Motion to Dismiss, which is still pending before this Court, Wulf's original Complaint ("Complaint," Doc. No. 1) fails to state a claim upon which relief can be granted. The same is true of Wulf's proposed Amended Complaint ("Amended Complaint," Doc. No. 30-1). The Amended Complaint makes no changes to the factual allegations regarding Wulf himself, let alone changes or additions that would state a plausible claim for relief. The two counts from the Complaint which survive in the Amended Complaint – for breach of contract and violation of the federal Truth in Lending Act ("TILA") – must therefore fail as a matter of law, and amendment would be futile.

Though the Amended Complaint also purports to add a new Plaintiff, Karyl Resnick, amendment to add her should not be permitted here. Unlike Wulf, Resnick is not a Pennsylvania resident and has no ties to Pennsylvania – she is a resident of Massachusetts. Neither Defendant is from Pennsylvania. No evidence or witnesses relevant to Resnick's claims or Defendants' defenses are likely to be found in Pennsylvania. Moreover, this case plainly could be brought in Resnick's home state of Massachusetts and indeed, Resnick's counsel already have a similar case pending against Defendants in that state. Because Pennsylvania is an inappropriate forum for Resnick's claims, leave to amend to add her as a plaintiff should be denied.

...

...

## BACKGROUND

Plaintiff Richard M. Wulf, Jr. filed this suit against Defendants on October 1, 2010. *See* Compl. (Doc. No. 1). The Complaint alleged Defendants required Wulf to purchase more flood insurance than was permitted under the terms of his mortgage, and purported to state claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act ("UTPCPL"), and violation of TILA. *See id.* On December 3, 2010, Defendants filed a Motion to Dismiss the Complaint in its entirety for failure to state a claim. *See* Mot. to Dismiss (Doc. No. 13). In support of their Motion, Defendants argued that (i) Wulf's breach of contract claim fails because his mortgage expressly permits Defendants to determine the amount of flood insurance he must carry; (ii) Wulf's claim for breach of the covenant of good faith and fair dealing is merely duplicative of his breach of contract claim; (iii) Wulf's claims for fraud and violation of the UTPCPL are barred by the economic loss doctrine and are not pleaded with particularity; and (iv) Wulf's flood insurance premiums are specifically exempted from TILA's disclosure requirements. *See generally* Memo. in Supp. of Mot. to Dismiss (Doc. No. 13-2).

On April 15, 2011, the Magistrate Judge issued her Report and Recommendation on Defendants' Motion to Dismiss, recommending that the motion be granted in part and denied in part. *See* Report (Doc. No. 29). While the Magistrate concluded that Wulf's claims for breach of the covenant of good faith and fair dealing, fraud, and violation of the UTPCPL should be dismissed, she concluded that his breach of contract and TILA claims should be permitted to survive. *Id.* On May 5, 2011, Defendants filed an Objection to the Magistrate's Report and Recommendation, pointing out the flaws in the Magistrate's reasoning, and demonstrating that

the breach of contract and TILA claims should be dismissed.  *See* Objection (Doc. No. 31).  That Objection is still pending before this Court.

On April 29, 2011, after the Magistrate issued her Report and Recommendation but before Defendants had filed their Objection, Wulf filed a Motion for Leave to File First Amended Complaint.  Mot. for Leave to File (Doc. No. 30).  Wulf's proposed Amended Complaint drops his claims for fraud and violation of the UTPCPL, and combines his duplicative breach of covenant of good faith claim with his breach of contract claim.  *See* Memo. in Supp. of Mot. for Leave to File (Doc. No. 30-2) at 2-3; *see also* Amended Compl. (Doc. No. 30-1).  The proposed Amended Complaint would also add another named Plaintiff, Karyl Resnick, a resident of Massachusetts.[1]  *See* Memo. in Supp. of Mot. for Leave to File (Doc. No. 30-2) at 2-3; *see also* Amended Compl. (Doc. No. 30-1) ¶ 7.  The proposed Amended Complaint does not, however, make any substantive changes to the factual allegations regarding Wulf.  *Compare* Compl. (Doc. No. 1) ¶¶ 11-22 *with* Amended Compl. (Doc. No. 30-1) ¶¶ 12-23.

## STANDARD

Where, as here, leave to amend the complaint is sought more than 21 days after service of a motion under Rule 12(b), a party may amend its complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Although leave to amend shall be freely given "when justice so requires," *id.*, it is by no means automatic and whether to grant or deny a motion to amend rests within the discretion of the District Court.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 210 (3d Cir. 2006).  Leave to amend the complaint may be denied for a variety of

---

[1] Though Plaintiffs assert that "Resnick asserts the same legal claims [as Wulf] based on the same unlawful practices," Memo. in Supp. of Mot. for Leave to Amend (Doc. No. 30-2) at 1, this is not consistent with the proposed Amended Complaint.  Unlike Wulf, Resnick's mortgage is allegedly a home equity line of credit, *see* Amended Compl. (Doc. No. 30-1) ¶¶ 24-25, and may therefore be subject to the TILA regulations governing open-end credit transactions, rather than the TILA regulations governing closed-end credit transactions that apply to Wulf's mortgage.  *Compare* 12 C.F.R. § 226.5 *et seq.* (regulations governing open-end credit transactions) *with* 12 C.F.R. § 226.17 *et seq.* (regulations governing closed-end credit transactions).

reasons, including "if amendment would be futile." *Anderson v. Ayling*, 396 F.3d 265, 271-72 (3d Cir. 2005); *see also McKenna v. City of Philadelphia*, 511 F. Supp. 2d 518, 525 (E.D. Pa. 2007) ("Grounds that justify denying leave to amend include undue delay, bad faith, dilatory motive, prejudice, and futility."). An amendment is futile if the amended complaint would not survive a motion to dismiss. *Id.*

## ARGUMENT

Plaintiff's request for leave of the Court to file an Amended Complaint should be denied. First, Wulf is not entitled to relief under either of the theories he advances in the Amended Complaint (breach of contract and violation of TILA). Because that issue has already been briefed in detail in connection with Defendants' Motion to Dismiss, Defendants will not devote great time to belaboring the point. It suffices to repeat that the unambiguous language of Wulf's mortgage requires him to maintain flood insurance "in the amounts and for the periods" required by Defendants, and that his breach of contract claim must therefore fail. *See* Memo. in Supp. of Mot. to Dismiss (Doc. No. 13-2) at 6-9; Reply in Supp. of Mot. to Dismiss (Doc. No. 28) at 2-6; Objection (Doc. No. 31) at 4-8. Wulf's TILA claim must fail because there is no provision of TILA or its implementing regulations that prohibits Defendants' alleged conduct, and in fact, Plaintiff's flood insurance premiums are specifically exempted from TILA's "finance charge" disclosure requirements. *See* Memo. in Supp. of Mot. to Dismiss (Doc. No. 13-2) at 14-16; Reply in Supp. of Mot. to Dismiss (Doc. No. 28) at 8-12; Objection (Doc. No. 31) at 9-12.

The proposed Amended Complaint would do nothing to cure these shortcomings. The factual allegations concerning Wulf found in the Amended Complaint are (with minor, non-substantive differences) virtually identical to those in the original Complaint. *Compare* Compl. (Doc. No. 1) ¶¶ 11-22 *with* Amended Compl. (Doc. No. 30-1) ¶¶ 12-23. Indeed, it is difficult to

conceive how Wulf could possibly amend the Complaint to state a claim to relief, as his claims necessarily fail based upon the unambiguous, undisputed language of his mortgage and upon the plain language of TILA's implementing regulations.

Because the proposed Amended Complaint does not state a claim upon which Wulf can be granted relief, amendment to add Resnick as a Plaintiff should also be denied. While Defendants expressly deny that the Amended Complaint states a claim to relief for Resnick, it is not necessary to discuss the sufficiency of her factual allegations in detail.[2] Rather, leave to amend to add Resnick as a Plaintiff should be denied because Resnick's claims do not belong in this Court. Indeed, if Resnick's claims were added to this case, they would have to be dismissed based upon the doctrine of *forum non conveniens*, as both judicial efficiency and convenience militate in favor of litigating Resnick's claims in another forum. A district court may, in the exercise of its sound discretion, dismiss a case on the ground of *forum non conveniens* where: "(1) an alternative forum has jurisdiction to hear the case; and (2) when trial in the plaintiff's chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to the plaintiff's convenience." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 160 (3d Cir. 2010).

These two conditions are present here. First, there is "an adequate alternative forum that can entertain the case." *Eurofins*, 623 F.3d at 160. Massachusetts, where Resnick herself resides, where the property securing her mortgage is located, and where her mortgage was formed, is one logical alternative.[3] Indeed, Massachusetts is made an even more logical choice

---

[2] Defendants note that Resnick's mortgage, like Wulf's mortgage, requires her to insure her property against floods "in such amounts and for such periods" as Defendants require. Amended Compl. (Doc. No. 30-1) ¶ 27. Her breach of contract claim and TILA claim, which are premised upon the theory that Defendants could not require insurance in amounts greater than the unpaid principal balance of her loan, must also necessarily fail.

[3] Although the doctrine of *forum non conveniens* is typically applied where the alternative forum is in a foreign country, it may also be applied to dismiss an action where the alternative forum is located in another U.S. state. *See,*

by the fact that Resnick's attorneys have already filed a similar case against Defendants in the United States District Court for the District of Massachusetts. *See Susan Lass v. Bank of America, N.A. and BAC Home Loans Servicing, L.P.*, No. 1:11-cv-10570 (D. Mass.; filed Apr. 1, 2011). Another valid alternative forum, however, would be California, where Defendant BHLS is headquartered.

Second, if Resnick's claims were to proceed in Pennsylvania, that would create administrative and legal problems outweighing any deference that should be paid to her choice of forum. *Eurofins*, 623 F.3d at 160. Here, those considerations commonly taken into account by courts when considering whether a forum is inconvenient strongly favor litigating Resnick's claims in an alternative forum:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive . . . the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* at 161-62. The alleged events leading to the suit happened primarily in Massachusetts and California. Any relevant fact witnesses will likely be in Massachusetts or California, as will all the relevant records and documents. Citizens interested in the proceedings are also likely to be located in one of those states.[4] By contrast, there are unlikely to be any witnesses or documents located in Pennsylvania. In short, if the *Resnick* case were tried in Pennsylvania, a Pennsylvania

---

*e.g.*, *First Colonial Ins. Co. v. Custom Flooring, Inc.*, No. 06-3998, 2007 WL 1651155, *4 (D.N.J. June 4, 2007) (dismissing action on grounds of *forum non conveniens* when alternative forum existed in Illinois).

[4] There may also be witnesses and/or documents in North Carolina, where Defendant BANA is headquartered, and Texas, where some witnesses relevant to the asserted claims may be located.

jury would ultimately be called upon to decide a dispute between a Massachusetts borrower and two non-Pennsylvania defendants over a mortgage loan closed in Massachusetts on property located in Massachusetts. This hardly serves the "local interest in having localized controversies decided at home" or the interest in trying a diversity case "in a forum that is at home with the law that must govern the action," and certainly would serve to "burden[] citizens in an unrelated forum with jury duty." *See id.*

Leave to amend the Complaint to add Resnick as a Plaintiff must accordingly be denied.

## CONCLUSION

For all the foregoing reasons, and for the reasons set forth in their Motion to Dismiss and supporting memoranda, Defendants Bank of America, N.A. and BAC Home Loans Servicing, L.P. respectfully request that the Court deny Plaintiff's Motion to Amend the Complaint.

Dated: May 16, 2011

BANK OF AMERICA, N.A.; and BAC HOME LOANS SERVICING, L.P.,

By their attorneys,

/s/ John C. Englander
John C. Englander (*pro hac vice*)
Matthew G. Lindenbaum (*pro hac vice*)
Mark T. Knights (*pro hac vice*)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
jenglander@goodwinprocter.com
mlindenbaum@goodwinprocter.com
mknights@goodwinprocter.com

                          Martin C. Bryce, Jr.
                          BALLARD SPAHR LLP
                          1735 Market Street, 51st Floor
                          Philadelphia, PA 19103
                          Tel.: 215.864.8238
                          Fax: 215.864.9511
                          Bryce@ballardspahr.com

## CERTIFICATE OF SERVICE

      I, John C. Englander, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 16, 2011.

Dated: May 16, 2011                                   /s/ John C. Englander