IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD M. WULF, JR., as an individual and as a representative of the classes,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P.,<br><br>    Defendants. | Case No.:  2:10-cv-05176-MAM |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COMPLAINT AND ADD A SECOND NAMED PLAINTIFF**

May 23, 2011

NICHOLS KASTER, PLLP
Paul J. Lukas, MN Bar No. 22084X*
Kai Richter, MN Bar No. 0296545*
Rebekah L. Bailey, MN Bar No. 0389599*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
*Admitted Pro Hac Vice*

CONSOLE LAW OFFICES LLC
Laura C. Mattiacci, PA Bar No. 89643
1525 Locust Street, 9th Floor
Philadelphia, PA  19102
Telephone: (215) 545-7676
Fax (215) 545-8211

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASSES

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION .......................................................................................................................1

ARGUMENT ...............................................................................................................................1

    I.   Bank of America Cannot Oppose Plaintiff's Motion to Amend on the Ground that It Would Prefer a Different Forum ................................................................................1

    II.  Bank of America's *Forum Non Conveniens* Defense Is Meritless ..............................2

        A.   Bank of America Cannot Make an End Run Around the Federal Venue Statute by Invoking the Common Law Doctrine of *Forum Non Conveniens* ..2

        B.   The Plaintiffs' Residence is Irrelevant to the Court's Venue Determination Under 28 U.S.C. § 1391(b) ....................................................................................3

        C.   Even if Plaintiffs' Residence Were Relevant, Venue Would Be Proper in this District Because at Least One Plaintiff Resides in this District ..............................4

        D.   The Addition of Another Plaintiff Does Not Render Venue Improper ...........5

    III. While the Interests of Defendants' Counsel May Favor Transfer of Resnick's Claims to Massachusetts, the Interests of Justice Do Not ..................................................6

    IV. The Lone Case Cited by Bank of America Demonstrates Why Its Alleged *Forum Non Conveniens* Defense Fails Here .................................................................................7

CONCLUSION ............................................................................................................................8

# TABLE OF AUTHORITIES

**STATUTES**                                               Page(s)

28 U.S.C. § 1367 ............................................................................................................... 4

28 U.S.C. § 1367(a) ........................................................................................................... 4

28 U.S.C. § 1391(b) ........................................................................................................... 3

28 U.S.C. § 1391(b)(1) ...................................................................................................... 1

28 U.S.C. § 1391(c) ........................................................................................................... 3

28 U.S.C. § 1391(e) ........................................................................................................... 4

28 U.S.C. § 1404(a) ........................................................................................................... 1

42 Pa. Cons. Stat. § 5322(b) .............................................................................................. 3

**REGULATIONS & RULES**

Fed. R. Civ. P. 12(b)(3) ..................................................................................................... 6

Fed. R. Civ. P. 12(g) .......................................................................................................... 6

Fed. R. Civ. P. 12(h)(1) ..................................................................................................... 6

**CASES**

*Bell v. Lockheed Martin Corp.*, 2011 WL 1467365 (E.D. Pa. Apr. 18, 2011) .................. 6

*Bond v. Laser Spine Inst., LLC*, 2010 WL 3212480 (E.D. Pa. Aug. 11, 2010) ........... 2, 3, 7

*DiCicco v. Willow Grove Bank*, 308 F. Supp. 2d 528 (E.D. Pa. 2004) ............................. 2

*DiMark Mktg., Inc. v. Louisiana Health Serv. & Indem. Co.*, 913 F. Supp. 402 (E.D. Pa. 1996) ............................................................................................................................. 3

*Eurofins Pharma US Holdings v. BioAlliance Pharma S.A.*, 623 F.3d 147 (3d Cir. 2010) ....... 7, 8

*Exxon Corp. v. F.T.C.*, 588 F.2d 895 (3d Cir. 1978) ................................................. 4, 5, 6

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ................................. 4

*Fuentes v. AMC Entm't Holdings, Inc.*, 2010 WL 1375555 (E.D. Pa. Apr. 5, 2010) ........ 7

*Moncrief v. Pennsylvania R.R. Co.*, 73 F. Supp. 815 (E.D. Pa. 1947) ............................. 4

*Penn Central Secs. Litig.*, 338 F. Supp. 438 (E.D. Pa. 1972) ........................................... 6

*Shutte v. Armco Steel Corp.,* 431 F.2d 22 (3d Cir.1970) .................................................. 7

*Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043 (3d Cir.1973) .................................. 7

*Towner Petroleum Co. Secs. Litig.*, 1986 WL 290 (E.D. Pa. June 30, 1986) ............ 4, 5, 6

*USX Corp. v. Barnhart*, 395 F.3d 161 (3d Cir. 2004) ....................................................... 2

*Williams v. Mercer Mut. Ins. Co.*, 1996 WL 122625 (E.D. Pa. Mar. 19, 1996) ................ 3

*Williams v. Terex Corp.*, 2001 WL 1486228 (E.D. Pa. Nov. 20, 2001) ............................ 3

*Yearwood v. Turner Cont. Co.*, 2011 WL 570003 (E.D. Pa. Feb. 15, 2011) ............................... 2

**OTHER SECONDARY SOURCES**

Charles Alan Wright *et al.*, 14D FEDERAL PRACTICE & PROCEDURE § 3807 (3d ed. 2007) ............ 3

Charles Alan Wright *et al.*, 14D FEDERAL PRACTICE & PROCEDURE § 3808 (3d ed. 2007) ... 5, 6, 7

## INTRODUCTION

Bank of America has no basis for opposing Plaintiff's Motion to Amend the Complaint and Add a Second Named Plaintiff. Bank of America does not dispute that the Rule 20 standard for permissive joinder is satisfied, and also does not raise any recognized defenses to amendment of the Complaint under Rule 15 (prejudice, undue delay, etc.). Moreover, Bank of America does not seriously contest the merits of the claims asserted by either plaintiff in the proposed First Amended Complaint ("FAC").[1] Instead, Bank of America asserts a novel "*forum non conveniens*" defense that has no application to the present motion, and is groundless in any event. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), and Bank of America should not be allowed to usurp Plaintiffs' choice of forum simply because its lawyers are from Massachusetts and would prefer to litigate there. Accordingly, Plaintiff Richard Wulf and proposed Plaintiff Karyl Resnick respectfully request that this Court grant the motion to amend.

## ARGUMENT

**I.   Bank of America Cannot Oppose Plaintiff's Motion to Amend on the Ground that It Would Prefer a Different Forum**

This is the wrong motion for Bank of America to raise arguments about the purported inconvenience of this forum. Bank of America has not filed a motion for change of venue under 28 U.S.C. § 1404(a), and cannot argue that the motion to amend should be denied simply because Bank of America would prefer to litigate the amended claims elsewhere.

Under Rule 15(a), a liberal standard applies to motions to amend the pleadings. *See Pls' Memo of Law (ECF No. 30-2) at 7-8.* "The Third Circuit has held that this liberal philosophy limits a district court's discretion to deny motions to amend, permitting denials ***only*** if a

---

[1] With respect to Mr. Wulf's claims, Bank of America simply recycles the same arguments that previously were rejected by the Magistrate Judge on its motion to dismiss. With respect to Ms. Resnick's claims, Bank of America fails to address the merits at all, and wrongly asserts that it is "not necessary" to discuss her factual allegations. *Defs' Memo at 6.*

1

plaintiff's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or when the amendment would be futile." *DiCicco v. Willow Grove Bank*, 308 F. Supp. 2d 528, 532 (E.D. Pa. 2004) (emphasis added); *accord*, *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (denial "must be based" on recognized factors).  Because none of these factors apply here, it would be inappropriate to deny the proposed amendments.  On a motion to amend, the relevant question is *whether* the plaintiff should be allowed to amend the complaint, not *where* the amended claims should be brought.

## II.     Bank of America's *Forum Non Conveniens* Defense Is Meritless

Even if the venue question were properly before the Court (which it is not), Bank of America's *forum non conveniens* defense is meritless.  For several reasons, the Court should reject this alleged defense.

### A. Bank of America Cannot Make an End Run Around the Federal Venue Statute by Invoking the Common Law Doctrine of *Forum Non Conveniens*

First, the common law doctrine of *forum non conveniens* only applies where a defendant seeks an alternative forum outside of the country.  *See Yearwood v. Turner Cont. Co.*, 2011 WL 570003, at *6, n. 8 (E.D. Pa. Feb. 15, 2011) ("[T]he federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad."); *Bond v. Laser Spine Inst., LLC*, 2010 WL 3212480, at *11, n. 5 (E.D. Pa. Aug. 11, 2010) ("[T]o the extent that the Supreme Court continues to recognize that federal courts have the power to *dismiss* damages actions under the common-law *forum non conveniens* doctrine, the Supreme Court has done so only in cases where the alternative forum is abroad[.]") (emphasis in original).  Accordingly, this defense has no application here.  Indeed, it is particularly inappropriate for Bank of *America* – a federally-chartered national bank with a ubiquitous presence throughout the country – to raise this defense.

2

### B. The Plaintiffs' Residence is Irrelevant to the Court's Venue Determination Under 28 U.S.C. § 1391(b)

Second, Bank of America cannot argue that venue is improper based on *Plaintiffs'* residence. *See Williams v. Mercer Mut. Ins. Co.*, 1996 WL 122625, at * 1 (E.D. Pa. Mar. 19, 1996) ("The residence or citizenship of the plaintiff is irrelevant in determining venue[.]"). Under the applicable federal venue statute, 28 U.S.C. § 1391(b), venue is proper in a judicial district where any *defendant* resides, provided that all defendants are residents of the same state.

For purposes of this statute, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction[.]" 28 U.S.C. § 1391(c); *accord*, *DiMark Mktg., Inc. v. Louisiana Health Serv. & Indem. Co.*, 913 F. Supp. 402, 408 (E.D. Pa. 1996).[2] Here, neither Defendant has challenged personal jurisdiction. Accordingly, it is clear that venue is proper in this district. *See Williams v. Terex Corp.*, 2001 WL 1486228, at *2 (E.D. Pa. Nov. 20, 2001) ("[Defendant] has failed to raise an objection to personal jurisdiction. Therefore, this Court is left to conclude that, for purposes of venue, [Defendant] is deemed to reside in Pennsylvania.").[3]

Because both Defendants reside in Pennsylvania, the residence of the plaintiffs is immaterial. As a leading federal treatise explains:

> Only the residence of the parties whose residence is relied on for venue need be considered. Thus, if a suit is brought in a district in which the defendant, or all the defendants, reside, venue is proper based on the residence of the defendant or defendants, and it is immaterial that multiple plaintiffs reside in various districts in the same or different states.

Charles Alan Wright *et al.*, 14D FEDERAL PRACTICE & PROCEDURE § 3807 (3d ed. 2007).

---

[2] Under Pennsylvania law, a court may base jurisdiction on the most minimum contact with Pennsylvania allowed under the Fourteenth Amendment's Due Process Clause. *Bond*, 2010 WL 3212480, at *5 (citing 42 Pa. Cons. Stat. § 5322(b)).

[3] Both Defendants have registered to do business in Pennsylvania, and both have appointed an agent for service of process in this district. *See Exhibits 1-2*. Moreover, Bank of America has dozens of offices in this district and throughout Pennsylvania, including several "Home Loans" offices. *See Exhibits 3-4*.

### C. Even if Plaintiffs' Residence Were Relevant, Venue Would Be Proper in this District Because at Least One Plaintiff Resides in this District

Third, even if the plaintiffs' residence were relevant to whether venue is proper, Plaintiff Wulf resides in this judicial district. Although Ms. Resnick does not, it is not necessary that ***all*** plaintiffs reside in the same judicial district – even under specialized venue provisions (not applicable here) that hinge on plaintiff residency. *See Exxon Corp. v. F.T.C.*, 588 F.2d 895, 898-99 (3d Cir. 1978) ("[W]e hold that venue is proper for this action because at least one plaintiff did reside in [the forum state].");[4] *accord*, *In re Towner Petroleum Co. Secs. Litig.*, 1986 WL 290, at *14-15 (E.D. Pa. June 30, 1986).

The United States Supreme Court's ruling in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) further supports this conclusion. In *Exxon Mobil*, the Court considered "whether a federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement, provided the claims are part of the same case or controversy as the claims of plaintiffs who do allege a sufficient amount in controversy." *Id.* at 549. The Court held that if at least one named plaintiff meets the jurisdictional requirement, supplemental jurisdiction over the claims of other plaintiffs is authorized under 28 U.S.C. § 1367.[5] *Id.* The same logic applies here. *See Moncrief v. Pennsylvania R.R. Co.*, 73 F. Supp. 815, 816 (E.D. Pa. 1947) (ancillary venue exists where ancillary jurisdiction exists).

---

[4] *Exxon* was decided under 28 U.S.C. § 1391(e), which provides that the action may be brought where "the plaintiff resides if no real property is involved in the action."

[5] 28 U.S.C. § 1367(a) provides, in relevant part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such ***supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*** (emphasis added)

4

### D. The Addition of Another Plaintiff Does Not Render Venue Improper

Fourth, Bank of America's argument fundamentally ignores the fact that venue already has been established – and accepted – in this district. It is well-established that "venue is determined at the outset of the litigation and is not affected by a subsequent change in parties." *Exxon Corp.*, 588 F.2d at 899. For this reason, a defendant may not object to venue, simply because new parties or claims are being joined. As Professors Wright and Miller also explain:

> Questions of venue . . . arise when the venue is proper for the original claim or claims between the plaintiff and the defendant and other claims are brought in subsequently under the liberal joinder devices the Civil Rules provide for counterclaims, cross-claims, impleader, interpleader, and intervention. When these additional claims are asserted against parties to the original suit, no venue objection should be available. Since the main action satisfied the venue statutes, these additional claims asserted later need not. This is sound as a matter of policy. Since the parties already are present and litigating in the court, they are not inconvenienced by litigating an additional claim. This is sound also on the basis of a literal reading of the venue statutes, which speak of where an 'action . . . may be brought.' The action already has been brought in that district court and venue should not be lost by subsequent expansion of the litigation.

14D FEDERAL PRACTICE & PROCEDURE § 3808; *accord*, *In re Towner Petroleum Co. Secs. Litig.*, 1986 WL 290, at *14-15 ("In order to provide an adequate means for defrauded investors to obtain relief against the perpetrators of nationwide securities fraud, the venue provisions . . . should be interpreted to allow an investor defrauded in one federal district to join in a suit with another investor defrauded in another district against common defendants utilizing a common scheme to defraud."). The fact that a new plaintiff now seeks to join the lawsuit does not render otherwise proper venue improper. In fact, Bank of America appears to concede that Ms. Resnick may litigate her claims in this district as long as Plaintiff Wulf's claims proceed here. *See Defs' Memo at 6* ("**Because the proposed Amended Complaint does not state a claim upon which**

*Wulf can be granted relief*, amendment to add Resnick as a Plaintiff should also be denied.") (emphasis added).[6]

### III. While the Interests of Defendants' Counsel May Favor Transfer of Resnick's Claims to Massachusetts, the Interests of Justice Do Not

Finally, aside from the fact that venue is proper in this district and Bank of America has not filed a motion to change venue, it is more convenient to litigate both plaintiffs' common claims together in a single proceeding in this district than it would be to litigate them separately in different forums. If Ms. Resnick is forced to litigate her claims in Massachusetts (as requested by Bank of America), this "would result in an unnecessary multiplicity of litigation." *Exxon Corp.*, 588 F.2d at 898; *see also In re Towner Petroleum Co. Secs. Litig.*, 1986 WL 290, at *16 (declining to sever claims of non-resident co-plaintiffs because "an unnecessary multiplicity of suits and fragmenting of the issues involved would be the result.") (quoting *In re Penn Central Secs. Litig.*, 338 F. Supp. 438, 440 (E.D. Pa. 1972)). Moreover, no benefit would accrue to Bank of America as a result. "Since the [Defendants] already are present and litigating in th[is] court, they are not inconvenienced by litigating an additional claim" here.[7] 14D FEDERAL PRACTICE &

---

[6] Because venue is determined at the outset of the litigation, Bank of America should have raised a venue objection in its motion to dismiss if it believed that this forum was an improper venue. By failing to do so, it waived any objection it may have had to venue. *See* Fed. R. Civ. P. 12(b)(3), (g), (h)(1); *see also Bell v. Lockheed Martin Corp.*, 2011 WL 1467365, at *7-9 (E.D. Pa. Apr. 18, 2011) (defendant could not object to venue based on addition of out-of-state plaintiffs, where it failed to object to venue earlier). The "filing of an amended complaint will not revive the right to present defenses that were available but were not asserted in a timely fashion prior to amendment of the pleading." *Bell*, 2011 WL 1467365, at *7 (citations omitted).

[7] Bank of America notes that it is currently defending another action in Massachusetts relating to its flood insurance practices. *See Defs' Memo at 7.* However, the claims in the Massachusetts case differ from the claims asserted in this proceeding. The Massachusetts case involves a claim under the Real Estate Settlement Procedures Act ("RESPA") and a second claim for unjust enrichment, neither of which are asserted in the FAC in this case. By contrast, this case involves a claim under the Truth-in-Lending Act ("TILA"), which is not asserted in the Massachusetts proceeding. Moreover, Ms. Resnick's mortgage language is more similar to Mr. Wulf's mortgage language than the plaintiff in the Massachusetts proceeding, since her mortgage

PROCEDURE § 3808.  Moreover, it is undisputed that neither of the Defendants have special ties to Massachusetts that would make it more convenient for them to litigate there.  Thus, the burdens of litigation in either forum are the same, except that the burden would be doubled if the claims proceed separately.

The real reason that Bank of America seeks to shift the litigation to Massachusetts is that *its lawyers* reside there.  However, "the convenience of counsel is not a factor to be considered" in deciding whether to transfer venue.  *Fuentes v. AMC Entm't Holdings, Inc.*, 2010 WL 1375555, at *2 (E.D. Pa. Apr. 5, 2010) (quoting *Solomon v. Cont'l Am. Life Ins. Co.,* 472 F.2d 1043, 1047 (3d Cir.1973)).  Moreover, the other "convenience" factors cited by Bank of America are not sufficiently compelling to require duplicative litigation.  Ms. Resnick is willing and able to testify in this case, and Bank of America has not identified any witnesses or documents that cannot be made available here (much less demonstrated that such witnesses and documents can only be made available in Massachusetts).  Accordingly, there is no reason to disturb Plaintiffs' jointly-chosen forum.[8]

### IV.     The Lone Case Cited by Bank of America Demonstrates Why Its Alleged *Forum Non Conveniens* Defense Fails Here

The lone case cited by Bank of America in the relevant section of its memorandum of law merely underscores why its *forum non conveniens* defense fails.  *See Defs' Memo of Law at 6-7* (citing *Eurofins Pharma US Holdings v. BioAlliance Pharma S.A.*, 623 F.3d 147 (3d Cir. 2010)).

---

defines the amount of flood insurance coverage required by the lender-in-interest to the mortgage by reference to specific coverage criteria.  The mortgage language at issue in *Lass* does not contain specific flood insurance criteria.

[8] "[I]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed. . . . The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, and unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail."  *Bond*, 2010 WL 3212480, at *6 (emphasis in original) (quoting *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970)).

7

First, the *Eurofins* defendants objected to personal jurisdiction and venue in a motion to dismiss the complaint. Here, Bank of America did not raise either defense in its motion to dismiss. Second, the *Eurofins* defendants were citizens of France who sought an alternative forum in France and therefore were entitled to raise *forum non conveniens* as a defense. Here, Bank of America is a national bank that seeks an alternative forum in this country, and is not entitled to raise this defense. Third, the *Eurofins* court concluded that it had no personal jurisdiction over the corporate defendants in that case. *Eurofins*, 623 F.3d at 155-57. Here, it is clear that the Court does have personal jurisdiction over Bank of America, and consequently, venue is proper in this district. Finally, the *Eurofins* court noted that dismissal of the action would "avoid the possibility of incongruous results stemming from parallel actions." *Id*. at 163. Here, by contrast, severance Ms. Resnick's claims from Mr. Wulf's claims would create parallel litigation that would be wasteful and might result in incongruous results.

## **CONCLUSION**

For the foregoing reasons, the Court should allow the proposed amendments, and permit Ms. Resnick to join the lawsuit as a named plaintiff.

Respectfully submitted,

Dated:  May 23, 2011               NICHOLS KASTER, PLLP

/s/      Kai Richter
Paul J. Lukas, MN Bar No. 22084X*
Kai Richter, MN Bar No. 0296545*
Rebekah L. Bailey, MN Bar No. 0389599*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
*Admitted Pro Hac Vice*

And

          CONSOLE LAW OFFICES LLC
          Laura C. Mattiacci, PA Bar No. 89643
          1525 Locust Street, 9th Floor
          Philadelphia, PA 19102
          Telephone: (215) 545-7676
          Fax (215) 545-8211

          ATTORNEYS FOR PLAINTIFF AND THE
          PUTATIVE CLASSES

**CERTIFICATE OF SERVICE**

      I hereby certify that on **May 23, 2011**, I caused *Plaintiff's Reply Memorandum of Law in Support of Motion to Amend the Complaint and Add a Second Named Plaintiff* to be filed via CM/ECF, whereupon notification will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

      /s/Kai H. Richter

      Kai H. Richter