IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD M. WULF, JR., and KARYL RESNICK, as individuals and as representatives of the classes,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and BAC HOME LOANS SERVICING, L.P.,<br><br>Defendants. | Civil Action No. 2:10-cv-05176-MAM |

**DEFENDANT'S MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO SEVER AND TRANSFER**

Defendant Bank of America, N.A.[1] ("Bank of America") hereby moves this Court to sever the claims of Plaintiff Karyl Resnick ("Resnick") from the claims of Plaintiff Richard Wulf ("Wulf") and to transfer Resnick's claims to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). As grounds therefore, Bank of America states as follows:

**BACKGROUND**

Plaintiff Richard Wulf initiated this putative class action nearly one year ago, on October 1, 2010. In his original Complaint, Wulf, a resident of Pennsylvania, alleged that defendants Bank of America, N.A., and BAC Home Loans Servicing, LP had violated their loan agreement with Wulf by requiring him, pursuant to the terms of his loan agreement, to increase the flood insurance coverage for his property located in Schuylkill County, Pennsylvania. Bank of America moved to dismiss Wulf's Complaint pursuant to Fed. R.

---

[1] On July 1, 2011, Defendant BAC Home Loans Servicing, LP merged into Defendant Bank of America, N.A.,

Civ. P. 12(b)(6), and following Magistrate Judge Hey's Report and Recommendations on that Motion, in April of 2011 Wulf sought leave to amend his Complaint and add a second named plaintiff, Karyl Resnick, a resident of the Commonwealth of Massachusetts.[2] Bank of America objected to the proposed addition in part because, unlike Wulf (who is a resident of Pennsylvania whose subject property is located in Pennsylvania), Resnick's property is located in Massachusetts, Resnick herself is a resident of Massachusetts, and the language of Resnick's loan agreement differs significantly from that in Wulf's agreement. Bank of America therefore argued that the Eastern District of Pennsylvania was an inappropriate venue for Resnick's case, and suggested instead that Resnick's case belonged in the District of Massachusetts. Following a review of the Magistrate Judge's Report and Recommendations, this Court issued its own Order allowing Resnick's claims to be joined to the case.

In that same Order, however, this Court instructed counsel for Wulf and Bank of America to confer and determine whether they wished to proceed to summary judgment or class certification with respect to Wulf's claims. Rather than craft a proposal addressing either of those options, Plaintiffs instead moved to transfer this case in its entirety to the District of Massachusetts. At the time of Plaintiff's motion to transfer, three lender-placed flood insurance cases involving Bank of America were pending before Judge Gorton in the District of Massachusetts: (1) *Berger v. Bank of America, N.A. et al.*, Civ. No. 10-11583-NMG, (2) *Kolbe v. BAC Home Loans Servicing, LP et al.*, Civ. No. 11-10312-NMG, and (3) *Lass v. Bank of America, N.A.*, 11-10570-NMG (together, the "Massachusetts Actions"). The Massachusetts Actions had been designated "related" under the District of

---

and is no longer a separate entity. *See* Notice of Merger and Name Change, Dkt. #48.
[2] Resnick similarly claims to have been required by Bank of America to increase her flood insurance amount in

Massachusetts local rules, and at the time of Plaintiffs' motion, *Kolbe* and *Lass* had motions to dismiss pending, and *Berger* had been answered and was in the initial phases of automatic discovery.

Bank of America opposed Plaintiffs' Motion to Transfer Wulf's claims, but **did not oppose** the severing and transferring of Resnick's case. Thus, in briefing before this Court, the parties **agreed** that the Resnick case should be litigated in the District of Massachusetts. Before this Court could rule on Plaintiffs' motion, however, Judge Gorton issued his opinions in the *Lass* and *Kolbe* matters, dismissing both cases in their entirety. The *Kolbe* decision, which concerned language identical to that at issue in *Wulf*, was issued on August 18, 2011. Declaration of Matthew G. Lindenbaum ("Lindenbaum Decl.") Exhibit 1. Within hours of its issuance, Plaintiffs "withdrew" their motion to transfer.

At a telephonic hearing on September 20, 2011, this Court inquired as to the position of the parties on the potential severing and transfer of Resnick's claims. Bank of America informed the Court that it continued to be of the view, recently shared by Plaintiffs, that Resnick's claims belonged in the District of Massachusetts. Plaintiff now disagrees.

## ARGUMENT

The venue transfer statute, 28 U.S.C. § 1404(a),[3] permits a district court to "transfer any civil action to any other district or division where it might have been brought." The goal

---

violation of the terms of her loan agreement.

[3]   Although the focus of the parties' briefing and discussion before the Court has focused on transfer, Bank of America also believes that severance of Resnick's claims as part of that transfer is appropriate. Under Fed. R. Civ. P. 21, "[t]he court may … sever any claim against a party." As decisions in this District have noted, "[a] district court has broad discretion to sever parties under Rule 21 . . . [and] '[e]ven when venue is proper . . . the court may sever a claim against a party and transfer it to a more convenient forum….'" *Presendieu v. Chubb Group of Ins. Cos.*, Civ. No. 01-5725, 2002 WL 32348789, at *4 (E.D. Pa. Aug. 22, 2002) (Pollak, J.) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1689 (3d ed.)). As discussed herein, severance and transfer of Resnick's claims would aid the judicial economy and serve the convenience of all parties.

of the venue transfer statute is to "prevent the waste of time, energy and money." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). Transfer of Resnick's matter to the District of Massachusetts accomplishes precisely that.[4]

As an initial point, Plaintiff Resnick has no connection whatsoever to this forum. The Resnick property is located within the Eastern Division of the District of Massachusetts, Resnick is a resident of the Commonwealth of Massachusetts, and both Resnick's counsel, Nichols Kaster PLLP, and Bank of America's counsel, Goodwin Procter LLP, have appeared in the three related Massachusetts actions.

As Plaintiffs themselves argued in their own Motion to Transfer, "[t]he prospect of consolidation with pending cases filed in another district weighs heavily in favor of transfer." Memo in Support of Motion to Transfer, Dkt. #47-1 at 9 (citing, *inter alia*, *Schiller-Pfeiffer, Inc. v. Country Home Products, Inc.*, No. 04-cv-1444, 2004 WL 2755585, at *8 (E.D. Pa. Dec. 1, 2004)). Indeed, transfer of the *Resnick* matter to the District of Massachusetts would promote judicial efficiency, permit pretrial discovery to be conducted in a consolidated, orderly manner with the *Berger* action, save witnesses the time and expense of having to appear before multiple courts, and avoid duplicative litigation, unnecessary expense, and

---

[4] As this Court is aware, and as Plaintiffs articulated in their own Motion to Transfer, the Third Circuit applies a number of "private" and "public" factors in determining whether transfer of venue is appropriate.

> Private factors include: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) where the claim arose; (4) the relative physical and financial condition of the parties; (5) the extent to which witnesses may be unavailable for trial in one of the fora; and (6) the extent to which books and records could not be produced in one of the fora. Public factors include: (1) the enforceability of a judgment; (2) practical considerations that could make trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion; (4) the local interest in deciding the controversy; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Exelon Generation Co., LLC v. Hoosier Energy Rural Electric Cooperative, Inc.,* No. Civ.A. 04-4592, 2005 WL 2365306, at *1 (E.D. Pa. Sept. 26, 2005) (McLaughlin, J.) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-880 (3d Cir. 1995)).

potentially inconsistent results.[5] Plaintiff's rationale for transfer, which they abruptly abandoned, remains applicable with respect to Resnick, and Defendants have never disagreed with this position.

Other factors considered by the Third Circuit in analyzing a motion to transfer also weigh in favor of transfer. Resnick has already moved once to transfer her case to the District of Massachusetts, and Bank of America did not oppose that motion.[6] The claim at issue in Resnick is controlled by Massachusetts law and arises out of a loan agreement on a property located in Massachusetts. Resnick's relevant witnesses will be located in Massachusetts, and from Bank of America's perspective, there is no incremental inconvenience with proceeding in Massachusetts as compared to the Eastern District of Pennsylvania.

Moreover, the relevant language concerning insurance requirements and lender rights in Resnick's loan contract is substantially similar to the relevant language concerning insurance requirements and lender rights in the one Massachusetts Action, *Berger*, which remains in District Court. This is unsurprising, as both agreements are on forms generated by Fleet Bank. Lindenbaum Decl. Exhibits 2 & 3. The relevant language in the *Berger* and *Resnick* mortgages are set forth below, with the only differences noted.

> Berger: Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require, and in such amounts and for such period as Lender may require. Borrower shall maintain coverage in an amount equal to the smallest of: (a) the amount of any obligation having priority over this mortgage, plus one hundred ten percent (110%) of the unpaid principal balance of principal and interest on the

---

[5] *See Weber v. Basic Comfort, Inc.*, 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001); *Simmens v. Coca Cola Co.*, Civ. No. 07-668, 2007 WL 2007977, at *3 (E.D. Pa. July 5, 2007) (DuBois, J.).

[6] In any event, and as Plaintiffs point out in their own Motion to Transfer, Resnick's choice of forum in the Eastern District of Pennsylvania is accorded little weight given the styling of the case as a putative class action. *See Koster v. (American) Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 524 (1947).

Note; or (b) the maximum insurable value of the Property, but in no event shall such amount be less than the amount necessary to satisfy any co-insurance requirement contained in the insurance policy; or (c) the maximum amount permitted by applicable law. If the Property is located in an area identified by federal officials as having special flood hazards and where flood insurance is available under the National Flood Insurance Act, Borrower will keep Property insured against loss by flood.

Resnick: Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require. Borrower shall maintain coverage in an amount equal to the smallest of: (a) the amount of any obligation having priority over this Mortgage, plus the Maximum Principal Sum; or (b) the maximum insurable value of the Property, but in no event shall such amount be less than the amount necessary to satisfy any co-insurance requirement contained in the insurance policy; or (c) such amount as may be required by applicable law. If the Property is located in an area identified by federal officials as having special flood hazards and where flood insurance is available under the National Flood Insurance Act, Borrower will keep Property insured against loss by flood.

Both of these provisions differ significantly from the relevant language concerning insurance requirements and lender rights in Wulf's loan agreement (Lindenbaum Decl. Exhibit 4), which reads:

Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary.

In sum, Resnick's rights under the agreements are controlled by contractual language very similar to the Berger's, and arguably different than Wulf's. Resnick certainly appears to be a member of the proposed class in the Berger complaint. Berger too is a member of the proposed Resnick class.[7]

---

[7] The putative nationwide class in *Berger* is defined to include:

a) who are or were obligors on loans that are or were owned or serviced by either or both of the

The difference between the language at issue in *Berger* and *Resnick* and the language at issue in *Wulf* can be explained in part by the different origin of the documents.  The loan agreement in *Wulf* is a Federal Housing Authority ("FHA") form loan agreement.  The agreements in *Berger* and *Resnick* appear, on their face, to be forms used by Fleet Bank.  Thus, transferring the *Resnick* matter to the District of Massachusetts will promote judicial efficiency by allowing it to be coordinated with the other flood-insurance case most similar to it, *Berger*.  As such, the similarity in contract language also weighs in favor of transfer.

---

Defendants; and b) which loans are or were secured by mortgage agreements that are or were owned or serviced by either or both of the Defendants; and c) which mortgage agreements required hazard or flood insurance coverage in an amount that was related to the amount of the outstanding balance of the loan - for example, in the amount of the outstanding balance of the loan or a percentage of the outstanding balance of the loan; and d) for whom Defendants purchased and charged the cost of hazard or flood insurance coverage in excess of the coverage amounts required by the mortgage agreements. *Berger* Complaint at ¶ 36.

The classes in *Wulf* and *Resnick* are twofold:  one class related to an alleged TILA violation, and a second putative nationwide class that is defined to include:

All persons who were required by Defendants, during the applicable limitations period, to purchase or maintain flood insurance for their property in an amount at least equal to the National Flood Insurance Program maximum or the replacement cost value of the improvements to their property, as a condition of any residential mortgage loan or home-equity line of credit secured by residential property in the United States, and whose mortgage agreement defined the amount of flood insurance coverage required by the lender-in-interest to the mortgage by reference to specific coverage criteria other than the National Flood Insurance Program limit or the replacement cost value of the property.
First Amended Complaint at ¶ 33.

**CONCLUSION**

For the reasons stated above, Bank of America respectfully requests that this Court sever and transfer the claims of Plaintiff Karyl Resnick to the District of Massachusetts.

    Respectfully submitted,

    BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP,

    By its attorneys,

    /s/ Matthew G. Lindenbaum
    John C. Englander (*pro hac vice*)
    Matthew G. Lindenbaum (*pro hac vice*)
    GOODWIN PROCTER LLP
    53 State Street
    Boston, Massachusetts  02109
    Tel.:  617.570.1000
    Fax:  617.523.1231
    jenglander@goodwinprocter.com
    mlindenbaum@goodwinprocter.com

    Martin C. Bryce, Jr.
    BALLARD SPAHR LLP
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103
    Ph: 215/864-8238
    Fax: 215/864-9511
    Bryce@ballardspahr.com

Dated: September 30, 2011

## CERTIFICATE OF SERVICE

     I, Matthew G. Lindenbaum, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 30, 2011.

Dated:  September 30, 2011

                                                                              _/s/ Matthew G. Lindenbuam_____
                                                                              Matthew G. Lindenbaum